UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
            )    CRIMINAL NO.  16-10216-PBS
v.          )
            )
GLENN PAUL PEARSON,    )
            )
Defendant.    )

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION AND PETITION FOR COMPASSIONATE RELEASE AND PLACEMENT IN HOME CONFINEMENT

The United States of America hereby responds to the Defendant's Motion and Petition for Compassionate Release and Placement in Home Confinement.  ECF No. 105.  The government opposes relief, and requests the motion be denied.  This Court does not have jurisdiction to grant the relief sought, and as such, it should deny the motion without a hearing.

## BACKGROUND

On May 16, 2017, the defendant pled guilty to wire fraud, in violation of 18 U.S.C. § 1343, misappropriating veterans benefits by a fiduciary, in violation of 28 U.S.C. § 6101, aiding and assisting in the filing of false income tax return, in violation of 26 U.S.C. § 7206(2) and corruptly endeavoring to impede and impair the IRS in the administration of its functions, in violation of 26 U.S.C. § 7212(a). ECF No. 41. The defendant was engaged in a two-pronged fraud scheme: one as fiduciary for the US Department of Veterans Affairs ("VA") where he stole veteran benefit payments from his disabled veteran clients for whom he was acting as a fiduciary.  The second prong of his scheme involved preparing fraudulent tax returns for clients and lying to the IRS in the course of representing those clients during audits. ECF No. 65.  Pearson's crimes were predatory, multi-year fraud schemes that resulted in over $ 1.5 million in combined losses to the VA and to the U.S. Treasury.

On November 14, 2017, this Court sentenced Pearson to 48 months' imprisonment followed by three years of supervised release for the wire fraud and misappropriation of veterans' benefits, and 36 months imprisonment for aiding in the filing of false tax returns and corruptly obstructing the IRS, with the terms to run concurrently.  ECF No. 76. The defendant received an extension to report to the Bureau of Prisons ("BOP") on March 1, 2018. ECF No. 92. He has been in custody at USP Canaan in Pennsylvania for 25 months.  According to the BOP website, the defendant's projected release date with good time credit is July 26, 2021 – roughly 15 months from today.

On April 8, 2020, Pearson filed the instant motion requesting this Court modify his sentence seeking to serve the remainder of his sentence in home confinement.  ECF No. 105.  The defendant's motion is based upon the possibility that he may become exposed to COVID-19. *Id.* Specifically, Pearson, who is 64 years old, cites that "he is currently on four different medications, including heart medication."  And that "recently while incarcerated the petitioner underwent major bladder surgery." *Id.*[1]  Pearson has not filed a request for compassionate release with the warden at USP Canaan, or with the BOP.[2]

## DISCUSSION

The government opposes the relief sought because Pearson has not satisfied the administrative exhaustion requirements of § 3582(c)(1)(A) and because he has not shown that he

---

[1] No evidence is provided to support these medical allegations. As of the time of this filing, the government was unable to obtain a copy of Pearson's BOP medical file to confirm his representations, and what impact, if any, a COVID-19 infection could have on him.

[2] According to email correspondence from Jonathan Kerr, Supervisory Attorney, USP Lewisburg/FCC Allenwood There is no indication that Pearson filed an administrative request for compassionate release with the warden of USP Canaan.

meets the criteria of compassionate relief, to wit, "extraordinary and compelling reasons" that warrant a sentence reduction.  Accordingly, Pearson's motion should be denied.

The First Step Act empowers criminal defendants to seek compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).[3]   However, to be considered under the First Step Act, the defendant must first petition BOP to consider their circumstances on their behalf, and give the BOP thirty days to respond.[4] The requirement that a defendant either exhaust administrative appeals or wait 30 days after presenting a request to the warden before seeking judicial relief is mandatory and must be enforced by the Court.  The Third Circuit recently confirmed: where 30 days have not passed following presentation of a request to a warden, the statute "presents a glaring roadblock foreclosing compassionate release at this point." *United States v. Raia,* -- F.3d --, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

---

[3] Under the statute as amended by the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

[4] The compassionate release statute provides, in pertinent part:

The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(1)(A).

Pearson has not complied with The First Step Act. Pearson has failed to petition the BOP for compassionate release.[5]  He presents his motion to this court for compassionate release based on his concerns about Covid 19. However, no medical information is provided in the motion, nor is there any factual basis developed.  This motion should not be considered. Rather, consistent with the First Step Act, Pearson should first present his request to the BOP, permitting it to evaluate his current circumstances in light of the new coronavirus concerns.  Indeed, the BOP is uniquely positioned to assess the defendant and provide the Court with detailed information about the defendant's present health condition, the conditions of confinement, and the relative merits of the defendant's claim as opposed to the many others being made by similarly situated defendants at the same facility and across the country.  Neither the Court nor the government currently has any information beyond the very limited statements in the motion that can serve to support the allegations regarding his health and the BOP facility.  Pearson should not be permitted to petition for judicial relief until, as the current statute provides, the BOP denies the new request, or 30 days have passed after presentation of the new request to the warden, whichever is earlier.

The Department of Justice is sensitive to the issues raised, and the BOP is monitoring the situation on a daily, even hourly basis. We do not intend to minimize the concern or the risk for health and safety of inmates and staff. To date,  zero inmates have tested positive for Covid 19 at the Canaan USP where Pearson resides. *See*, http:www//Bop.gov/coronavirus/  (last visited April 10, 2020). [6]  Indeed, BOP is carefully monitoring the spread of the Covid 19 virus and is carefully

---

[5] BOP Supervisory Attorney Kerr reported by email dated April 9, 2020 that BOP has not received a request for compassionate release from Pearson.

[6] In contrast, more than 4,041 individuals have tested positive for Covid 19 in Suffolk County Massachusetts, which was the location of Pearson's business and residence prior to incarceration. See:  http:www//en.wikipedia.org/wiki/2020-coronavirus_pandemic_in_Massachusetts#Cases_by_county (last visited April, 10, 2020).

assessing how to best ensure the safety of staff, inmates and the public. According to the BOP website, BOP has implemented the BOP Covid 19 Modified Operations Plan.  This action plan includes suspending social visits, suspending inmate movement, screening protocols for inmates and staff, suspending staff travel and training, implementing modified operations plan to maximize social distancing, and other preventative and proactive steps.[7]

## CONCLUSION

Because Mr. Pearson has not complied with the mandatory steps set forth in the First Step Act to be considered for compassionate release, and because the BOP is better able to assess and address Mr. Pearson's needs, the Court should deny Pearson's Motion and Petition for Compassionate Release and Placement in Home Confinement at this time.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

Dated: April 10, 2020                    By:      */s/ Karen E. Kelly*
                                                  Karen E. Kelly
                                                  Chief, SCES
                                                  Tax Division

## CERTIFICATE OF SERVICE

I, Karen E. Kelly, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  A copy of this pleading will be mailed prepaid through the USPS to defendant Glenn Pearson at USP Canaan, PO Box 200, Waymart, PA., 18472

Date: April 10, 2020                              */s/ Karen E. Kelly*
                                                  Chief, SCES, Tax Division

---

[7] See http: //www./bop.gov/coronavirus/covid19_status.jsp (last visited April 10, 2020.)